MILLER *vs.* WALLACE, *et al.*

HABEAS CORPUS FROM CITY COURT OF ATLANTA. Parent and Child. Contracts. Minors. (Before Judge Clarke.)

Hall, J.—1. The father, under the law, has the control of his minor child, and this can be relinquished or forfeited only in one of the modes recognized by law. Code, §§1733. 1793, 1794, 1795.

2. In all writs of habeas corpus sued out on account of the detention of a child, the court, on hearing all the facts, may exercise its discretion in awarding the custody of the child, and shall have authority to award the custody of the child to a third person. Such discretion, however, is not arbitrary or unlimited, but is a discretion guided and governed by the rules of law. Code, §4024; 3 Burr., 25, 39; 5 Rep., 99 (b); 4 Coke's Inst., 41; 2 P. Wms., 753; Broom's Leg. Max., 84 et seq.

(a) Under the discretion vested in him, no judge has authority to disregard or even to impair any acknowledged or established right of a party by its exercise, and if he does so, he abuses that discretion. The power ought to be exercised in favor of the party having the legal right, unless the circumstances of the case and the precedents established would justify it, acting for the welfare of the child, in refusing it. R. M. Charl., 493.

(b) Prima facie the right of custody of an infant is in the father, and where this is resisted upon the ground of his unfitness for the trust, or other cause, a proper regard for the sanctity of the parental relation will require that the objection be sustained by clear and satisfactory proofs; and a clear and strong case must be made to sustain an objection to the father's right. R. M. Charl., 495; 34 Ga , 258; 16 Pick., 205, 33 Ga., 195, 203; 40 N. Y., 274, 275.

(c) Where it his insisted that the father has relinquished is right to the custody of his child to a third person by contract, the terms of the contract, to have the effect of depriving him of its control, should have been clear, definite and certain. 47 Iowa, 435, 437.

(d) Tested by these rules, the facts of this case do not authorize a decision depriving the father of the custody and control of his minor child and awarding it to the maternal grand-parents of the child, its mother being dead—it not being made to appear clearly that the father relinquished his dominion over the child, or that he was unable or unwilling to provide for it, or had failed in his duty towards it, or that the circumstances justify it, having regard for the welfare of the child.

(e) This case differs from those in 54 Ga., 9–14; 68 Id., 87, 650; 59 Id., 555; 14 Id., 657.

3. That the father resorted to a stratagem to get the child from the possession of its maternal grandmother, in order to avoid an altercation, did not affect his rights injuriously; especially, in view of his explanation thereof in a letter to the grandmother, does it not appear as an acknowledgment that he was conscious that he did not have the right to such custody.

4. The father's means of providing for the child are more certain

and ample than those of the grand-parents; the legal duty of support-- ing it rests upon him, not them; and it appears that the home provided by him for the child is a proper one.

5.   The child with him is in a position where the father's inter- course with her can be more frequent and unrestrained than it has been; and where he can support it with less inconvenience and expense, and can more constantly overlook and direct it; and it is for its welfare so to remain.

Judgment reversed.

King & Spalding, for plaintiff in error.

Hillyer & Brother, for defendants.